PER CURIAM.
 

 J.R. appeals the termination of his parental rights to five adoptive children, C.R., M.R., J.R., G.R. and M.R., following the death of his sixth child, F.R. F.R. had been severely abused, sustaining over sixty injuries, of varying degrees of severity, to her head, back, buttocks and legs. The injuries causing F.R.’s death were thirteen separate rotational injuries to the head which caused internal bleeding and swelling of the brain. The evidence reflected the parents were the only caregivers during the critical time frame and, although neither parent admitted responsibility for the injuries to F.R.’s head, a review of the proceedings supports the trial court’s finding that J.R.’s wife inflicted the blows.
 

 We find substantial, competent evidence to support the trial court’s decision terminating J.R.’s parental rights because J.R., despite knowing F.R. was injured and virtually non-responsive as a result of head trauma, neglected to seek medical attention for over six hours, a decision that ensured a tragic end for the two and one-half year old child. The trial court found J.R.’s conduct to be egregious and made the required findings pursuant to section 39.806, Florida Statutes. We affirm.
 

 AFFIRMED.
 

 SAWAYA, LAWSON and COHEN, JJ„ concur.